# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLOS STARKS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:12-cv-1008-WTL-DML ) |
| LESIA MOORE, et al., | ) ) |
| Defendants. | ) |

## ENTRY ON MOTION TO RECONSIDER

This cause is before the Court on the Plaintiff's motion to reconsider the Court's ruling on the Defendants' motion for summary judgment in several respects (Dkt. No. 223). The motion is fully briefed and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons set forth below.

The Plaintiff asks the Court to reconsider several aspects of its summary judgment ruling.[1] The Court finds that the Plaintiff has not demonstrated a basis for reconsideration of its ruling on Count V (denial of the right to a speedy trial); the Plaintiff simply makes the same arguments he made in response to the motion for summary judgment. The Court also denies the motion to reconsider its ruling on the *Monell* claims. It appears that the Plaintiff believes he has new evidence that supports his *Monell* claims; however, the Plaintiff has not presented any of

---

[1]The Court notes that the Defendants incorrectly assert that the standard governing motions pursuant to Federal Rule of Civil Procedure 59 applies to the instant motion. It does not; Rule 59 applies to motions directed at final judgments, and no final judgment has been entered in this case. Rather, Federal Rule of Civil Procedure 54(b) "governs non-final orders and permits revision at any time prior to the entry of judgment, thereby bestowing sweeping authority upon the district court to reconsider" a non-final order such as the one at issue here. *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012).

this evidence in support of his motion to reconsider, but rather has only informed the Court that he "expects that" a witness—James Strode—will give certain testimony at trial. Even assuming that the "expected evidence" would have been sufficient to support the Plaintiff's *Monell* claim and defeat the motion for summary judgment on that claim, and even if the Plaintiff had supplied an explanation as to why he did not obtain the evidence in time to present it in response to the motion for summary judgment, the fact remains that the Plaintiff has not provided any evidence in support of the motion to reconsider, but rather only his counsel's statements that he expects he might have certain evidence. "It is universally known that statements of attorneys are not evidence," *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002); it is likewise universally known that it takes *evidence* to defeat a summary judgment motion. Accordingly, there is no basis for reconsidering the ruling with regard to the *Monell* claim.

With regard to Count III of the Plaintiff's complaint, which asserts a claim for malicious prosecution pursuant to § 1983, upon reconsideration and closer examination of the applicable law, the Court agrees with the Plaintiff that it erroneously granted summary judgment in favor of Defendant Lesia Moore. In their brief in support of their motion for summary judgment, the Defendants quoted *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010), as follows:

> So we must reach the merits of the issue to which the parties devote their arguments, which is whether a plaintiff may assert a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause. The answer is no, as we held in *Bielanski v. County of Kane*, 550 F.3d 632, 642 (7th Cir. 2008) ("[A] summons alone does not equal a seizure for Fourth Amendment purposes. . . . [A] false accusation is not a seizure."), and *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002) ("[T]here is no constitutional right not to be prosecuted without probable cause.") (quoting *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001)).

Dkt. No. 116 at 43. The Defendants continued: "Moreover, the Seventh Circuit has held that 'a plaintiff could not state a section 1983 claim simply by showing that he was wrongly prosecuted

but rather must establish that he was deprived of a specific constitutional right, such as the right to a fair trial.'" *Id.* (quoting *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 683 (7th Cir. 2007)).

What the Defendants failed to acknowledge, the Plaintiff failed to point out, and the Court failed to realize on its own is that the court in *Tully* specifically noted:

> Our holding should not be misconstrued to deny any rights to parties whom prosecutors or other officials falsely accuse by way of fabricating evidence, withholding exculpatory evidence, tampering with witnesses, or committing any other independent constitutional violation, none of which Tully alleged in his complaint. Nor should it be misconstrued to deny any rights to parties unlike Tully who have been wrongfully jailed or imprisoned. These are different types of malicious prosecution claims. *See* Schwartz, 1 Section 1983 Litigation § 3.18[a], p. 3–596.2 (2008 Supplement) ("It is not particularly helpful to characterize the plaintiff's claim as a § 1983 malicious prosecution claim. In every § 1983 constitutional case, the plaintiff must identify the precise constitutional right or rights relied upon."). We hold only that a plaintiff cannot initiate a § 1983 claim asserting only that he was summoned and prosecuted without probable cause.

*Tully*, 599 F.3d at 594-95. In this case, the Plaintiff's allegation has at all times been that he was wrongfully jailed pending trial based upon what he alleges to be a false probable cause affidavit and resulting information charging him with murder. The facts in this case are therefore squarely outside the holding of *Tully*; this is a "different type of malicious prosecution claim" than that in *Tully*, one that has been expressly recognized by the Seventh Circuit in *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013) (recognizing a "federal malicious prosecution claim" against Indiana state officers for "a malicious prosecution engineered by rogue police officers"); *cf. Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012) ("We have consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of her liberty in some way."). Stated another way, as the Plaintiff now, in his motion to reconsider, articulates, the "specific constitutional right" found lacking in *Holmes*, is present here because (viewing the facts in the light most

3

favorable to the Plaintiff) he was not simply subjected to a baseless prosecution; he was also denied his right to liberty while he awaited trial. *See Julian*, 732 F.3d at 845 (In the absence of an adequate state remedy, "a plaintiff denied due process and deprived of liberty as a result can obtain relief under section 1983.").

Nor is the Plaintiff's claim for malicious prosecution "nothing more than a re-labeled claim for false arrest," as argued by the Defendants in their summary judgment brief. Dkt. No. 116 at 35.[2] A false arrest claim, which is based on the Fourth Amendment, "provide[s] remedies only for detention that occurs before formal charges kick off an actual prosecution." *Julian*, 732 F.3d at 846-47; *see also Wiley v. City of Chicago*, 361 F.3d 994, 998 (7th Cir. 2004) ("[T]he scope of a Fourth Amendment claim is limited up until the point of arraignment; 'the interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects.'"). On the other hand, a malicious prosecution claim, which is based on the denial of the right to procedural due process protected by the Fourteenth Amendment, "provides a remedy for a deprivation of liberty *pursuant to legal process*." *Serino v. Hensley*, 735 F.3d 588 (7th Cir. 2013) (emphasis in original) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).

For the reasons set forth above, upon reconsideration, the Court **DENIES** the Defendants' motion for summary judgment with regard to the Plaintiff's claim against Defendant Moore for malicious prosecution pursuant to § 1983.

The Plaintiff also has asked the Court to reconsider its ruling on Count IV, a claim for abuse of process. While a tort claim for abuse of process certainly can differ from a tort claim for malicious prosecution, under the facts alleged in this case, the Court fails to see how this

---

[2]The Court is baffled by the Defendants' assertion in response to the instant motion that they did not make this argument and that the quoted language "is not actually found anywhere in their memorandum in support of summary judgment." Dkt. No. 232 at 3.

constitutional claim differs from the Plaintiff's constitutional claim for malicious prosecution. This is especially true in light of the fact that the Plaintiff has submitted no evidence that would support an ulterior motive on the part of Moore, other than arguing that that such motive can be inferred from the submission of a false probable cause affidavit.[3]  Thus, while under different facts a plaintiff could have one claim without the other, the Plaintiff has failed to articulate how that is the case here; he has failed to identify any constitutional violation that is not encompassed by his malicious prosecution claim.  Accordingly, the Court declines to reconsider its ruling on Count IV.

Finally, the Court notes that given the applicable Seventh Circuit law discussed above, if the Court's understanding of the facts is correct—that is, if the Plaintiff was arrested pursuant to an arrest warrant and charged pursuant to an information both of which were supported by Defendant Moore's allegedly false affidavit—then it appears to the Court that all three of the Plaintiff's now-surviving claims (Count I, which is entitled Making False or Misleading Statements in Support of a Probable Cause Affidavit in Violation of the 4th and 14th Amendment to the U.S. Constitution; Count II, false arrest/false imprisonment; and Count III, malicious prosecution) are all encompassed by one claim for federal malicious prosecution and should be presented to the jury as such.  Indeed, if, in fact, the Plaintiff was never detained without a warrant, it appears that he does not have a claim for false arrest or false imprisonment,

---

[3]The Plaintiff makes an additional argument with regard to Troy Heath, but submits no admissible evidence to support it; an unsworn statement made in a recorded telephone call is not evidence.

as all of his time in jail was pursuant to legal process.[4] The same would seem to apply to Count I, which is also brought under the Fourth Amendment.[5]

The Plaintiff shall file jury instructions setting out the elements of each claim he wishes to present to the jury by **noon on April 28, 2015**. If the Plaintiff disagrees with the Court's approach of presenting a single claim, the Plaintiff shall also file a brief explaining his position by that date. The Defendants may file objections/additions to the Plaintiff's jury instructions and, if applicable, a responsive brief by **noon on May 4, 2015**.

SO ORDERED: 4/22/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[4] Indeed, even if the Fourth Amendment would apply until the Plaintiff's initial hearing despite the existence of an arrest warrant and information, the Court notes that under *Julian*, it would not be necessary for the Plaintiff to bring a false arrest/false imprisonment claim in addition to his malicious prosecution claim in order to obtain complete relief: "At least the defendants don't argue that if Julian can bring a federal suit he would still have to bring suits for false arrest and false imprisonment if he wanted to obtain full compensation. That argument would fail because the damages resulting from the false arrest and false imprisonment were foreseeable and therefore actionable consequences of the malicious prosecution, as noted by Keeton et al., supra, § 119, pp. 885–86, 888." *Julian*, 732 F.3d at 847.

[5] Indeed, the Court notes that the Plaintiff has submitted proposed jury instructions for a claim of false arrest only, without attempting to assert separate claims for Count I and Count II.